UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EDWARD EUGENE ROBINSON,**

   Movant,

v.                                                                                 No. 4:24-cv-0451-P
                                                                           (No. 4:19-cr-0352-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Edward Eugene Robinson, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On January 15, 2020, Movant was named in a first superseding indictment charging him in count one with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), in counts two and four with interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and, in counts three and five with using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. CR ECF No.[1] 59. Movant entered a plea of not guilty. CR ECF No. 65. He was tried by a jury, which found him guilty on all counts. CR ECF No. 200. The Court sentenced Movant to terms of imprisonment of 124 months as to counts 1, 2 and 4 and terms of imprisonment of 84 months as to counts 3 and 5, each count to run consecutively for a total sentence of 540 months. CR ECF No. 230. Movant appealed. CR ECF No. 232. The United States

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-cr-0352-P.

Court of Appeals for the Fifth Circuit affirmed, holding that "the record suggests no possibility that the jury convicted [Movant] of Hobbs Act robbery on an attempt theory and therefore a similar impossibility that his § 924(c) convictions rested on such a basis." *United States v. Robinson*, 67 F.4th 742, 751 (5th Cir. 2023). He did not file a petition for writ of certiorari.

## GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion. In his first and second grounds, he alleges that his convictions and sentences under 18 U.S.C. § 924(c) are unconstitutional because they are based on attempted Hobbs Act robbery and aiding and abetting. In his third ground, he alleges that the trial court allowed the jury to convict him based on an unconstitutional theory. And, in his fourth ground, he alleges that he received ineffective assistance of counsel. ECF No.[2] 1 at 7–8.

## APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words,

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Movant's grounds are based on the premise that he was convicted of attempted Hobbs Act robberies and aiding and abetting.[3] On appeal, the Fifth Circuit determined that even if there had been an error in the jury instruction, Movant would still have been convicted on the Section 924(c) counts. "[T]he record suggests no possibility that the jury convicted Robinson of Hobbs Act robbery on an attempt theory and therefore a similar impossibility that his § 924(c) convictions rested on such a basis." *Robinson*, 67 F.4th at 751. The fact that completed robberies occurred was essentially undisputed and the jury determined that Movant was one of the robbers. *Id.* at 752. Because these issues were considered on appeal, they may not be raised here. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

In his fourth ground, Movant alleges that he received ineffective assistance because his counsel failed to object to the "constitutionally invalid theory of guilt presented by the government." ECF No. 1 at 8. The Court understands the claim to be that Movant's counsel erred in failing to object to the jury charge, which caused the related issues raised on appeal to be reviewed for plain error. *See Robinson*, 67 F.4th at 750. As the Fifth Circuit recognized, the jury charge was proper at the time of Movant's trial. *Id.* Accordingly, any objection would have been frivolous and the failure to object cannot have amounted to ineffective assistance. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). And, in any event, Movant was not harmed by the instructions in the charge because he was convicted of Hobbs Act robbery and nothing else. *Robinson*, 67 F.4th at 751.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

---

[3] Aiding and abetting a Hobbs Act robbery qualifies as a crime of violence. *United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 207 (2023) (there is no distinction between those convicted of aiding and abetting and those convicted as a principal under federal law). Thus, to the extent Movant is arguing that a conviction for aiding and abetting does not count as a crime of violence, he is mistaken.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **16th day of October 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE